IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DELOIS PIPPEN, as Special Administratrix
of the Estate of Lucille G. Billings, deceased,
and on behalf of the wrongful death beneficiaries
of Lucille G. Billings; and On Behalf of All Others
Similarly Situated                                                                        PLAINTIFF

vs.                                          Case No. _16 - 1069_

PINEWOOD HEALTH AND REHABILITATION, LLC;
ARKANSAS SNF OPERATIONS ACQUISITION, LLC;
ARKANSAS NURSING HOME ACQUISITION, LLC;
CSCV HOLDINGS, LLC; CAPITAL FUNDING GROUP, INC.;
SLC PROFESSIONALS, LLC; SLC PROFESSIONALS AR7, LLC;
SLC PROFESSIONALS HOLDINGS, LLC; SLC OPERATIONS
HOLDINGS, LLC; SLC OPERATIONS, LLC; SLC
ADMINISTRATIVE SERVICES OF ARKANSAS, LLC;
SENIOR LIVING COMMUNITIES OF ARKANSAS, LLC;
ADDIT, LLC; SLC OPERATIONS MASTER TENANT, LLC;
SLC PROPERTIES, LLC; 1101 WATERWELL ROAD, LLC;
CSCV ARKANSAS REALTY, LLC; ALAN ZUCCARI;
BRIAN REYNOLDS; JOHN W. DWYER; DANIEL BAIRD;
TROY MORRIS, in his capacity as Administrator of Pinewood
Health and Rehabilitation, LLC; EMILY GREENE, in her
capacity as Administrator of Pinewood Health and Rehabilitation, LLC;
CAROL HOELSCHER, in her capacity as Administrator of Pinewood
Health and Rehabilitation, LLC; and BARNEY L. PIERCE, in his
capacity as Administrator of Pinewood Health and Rehabilitation, LLC          DEFENDANTS

## NOTICE OF REMOVAL

Defendants Troy Morris and Alan Zuccari, for their notice of removal of this action from

the Circuit Court of Ashley County, Arkansas, to the United States District Court for the Western

District of Arkansas under 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, state:

1.  This action commenced on February 3, 2016, when the Plaintiff filed her Class

Action Complaint in the Circuit Court of Ashley County, Arkansas.

2. This action is pending in the Circuit Court of Ashley County, Arkansas, and is captioned *Delois Pippen, as Special Administratrix of the Estate of Lucille G. Billings, deceased, and on behalf of the wrongful death beneficiaries of Lucille G. Billings; and On Behalf of All Others Similarly Situated v. Pinewood Health and Rehabilitation, LLC et al.*, Case Number CV-16-022-4.

3. As shown in the Declarations of Troy Morris and Alan Zuccari attached hereto as Exhibits 1-2, the removing defendants were never validly served with a summons or complaint in this matter. Therefore, this notice of removal is timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); *Marano Enters. of Kan. v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 756 (8th Cir. 2001); *Hines v. Chase Bank USA, N.A.*, Case No. 1:15-CV-1004, 2015 WL 4977192, at *2-*3 (W.D. Ark. Aug. 21, 2015).

4. The removing defendants have filed answers to the Class Action Complaint in which they reserved the right to object to any defects as to failure to state a claim, personal jurisdiction, service of process, sufficiency of process, and any other defense available under Fed. R. Civ. P. 12.

### A. Parties

5. The Plaintiff is a citizen and resident of the State of Arkansas. (Class Action Compl. ¶¶ 2-3.)

6. As set forth below, the Defendants are citizens of the States of Arkansas, Florida, Maryland, Missouri, and Virginia.

7. Defendant Pinewood Health and Rehabilitation, LLC is a limited liability company. Its sole member is Defendant Arkansas SNF Operations Acquisition, LLC. Therefore, Pinewood Health and Rehabilitation, LLC is a citizen of Virginia and Maryland, the states in which

Defendant Arkansas SNF Operations Acquisition, LLC is a citizen. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

8.    Defendant Arkansas SNF Operations Acquisition, LLC is a limited liability company. Its members are Defendants CSCV Holdings, LLC and Arkansas Nursing Home Acquisition, LLC. Therefore, Arkansas SNF Operations Acquisition, LLC is a citizen of Virginia and Maryland, the states in which Defendants CSCV Holdings, LLC and Arkansas Nursing Home Acquisition, LLC are citizens.

9.    Defendant Arkansas Nursing Home Acquisition, LLC is a limited liability company. Its sole member is Defendant Alan Zuccari. Therefore, Arkansas Nursing Home Acquisition, LLC is a citizen of Virginia, the state in which Mr. Zuccari is a citizen.

10.    Defendant CSCV Holdings, LLC is a limited liability company. Its members are Defendants Capital Funding Group, Inc. and Brian Reynolds. Therefore, CSCV Holdings, LLC is a citizen of Maryland, the state in which Defendants Capital Funding Group, Inc. and Mr. Reynolds are citizens.

11.    Defendant Capital Funding Group, Inc. is a Maryland corporation with its principal place of business in Maryland. Therefore it is a citizen of Maryland under 28 U.S.C. § 1332(c)(1).

12.    Defendant SLC Professionals, LLC is a limited liability company. Its sole member is Defendant SLC Professional Holdings, LLC. Therefore, SLC Professionals, LLC is a citizen of Virginia and Maryland, the states in which Defendant SLC Professional Holdings, LLC is a citizen.

13.    Defendant SLC Professionals AR7, LLC is a limited liability company.  Its sole member is Defendant SLC Professionals Holdings, LLC. Therefore, SLC Professionals AR7,

LLC is a citizen of Virginia and Maryland, the states in which Defendant SLC Professionals Holdings, LLC is a citizen.

14.   Defendant SLC Professionals Holdings, LLC is a limited liability company. Its members are CSCV Consulting, LLC and Defendant Arkansas Nursing Home Acquisition, LLC. The sole member of CSCV Consulting, LLC is Defendant CSCV Holdings, LLC. Therefore, SLC Professionals Holdings, LLC is a citizen of Virginia and Maryland, the states in which Defendants Arkansas Nursing Home Acquisition, LLC and CSCV Holdings, LLC are citizens.

15.   Defendant SLC Operations Holdings, LLC is a limited liability company. Its sole member is Defendant Arkansas SNF Operations Acquisition, LLC. Therefore, SLC Operations Holdings, LLC is a citizen of Virginia and Maryland, the states in which Defendant Arkansas SNF Operations Acquisition, LLC is a citizen.

16.   Defendant SLC Operations, LLC has been dissolved and is no longer an existing entity. Therefore it is a defendant sued under a fictitious name whose citizenship is disregarded under 28 U.S.C. § 1441(b)(1). Prior to its dissolution, it was a limited liability company whose sole member was Arkansas SNF Operations Acquisition, LLC. Therefore, prior to its dissolution, SLC Operations, LLC would have been a citizen of Virginia and Maryland, the states in which Defendant Arkansas SNF Operations Acquisition, LLC is a citizen.

17.   Defendant SLC Administrative Services of Arkansas, LLC has been dissolved and is no longer an existing entity. Therefore it is a defendant sued under a fictitious name whose citizenship is disregarded under 28 U.S.C. § 1441(b)(1). Prior to its dissolution, it was a limited liability company whose sole member was Defendant Arkansas SNF Operations Acquisition, LLC. Therefore, prior to its dissolution, SLC Operations, LLC would have been a citizen of

Virginia and Maryland, the states in which Defendant Arkansas SNF Operations Acquisition, LLC is a citizen.

18.   Defendant Senior Living Communities of Arkansas, LLC has been dissolved and is no longer an existing entity. Therefore it is a defendant sued under a fictitious name whose citizenship is disregarded under 28 U.S.C. § 1441(b)(1). Prior to its dissolution, it was a limited liability company whose sole member was Defendant Arkansas SNF Operations Acquisition, LLC. Therefore, prior to its dissolution, SLC Operations, LLC would have been a citizen of Virginia and Maryland, the states in which Defendant Arkansas SNF Operations Acquisition, LLC is a citizen.

19.   Defendant ADDIT, LLC is a limited liability company. Its sole member is Defendant SLC Professionals Holdings, LLC. Therefore, ADDIT, LLC is a citizen of Virginia and Maryland, the states in which Defendant SLC Professionals Holdings, LLC is a citizen.

20.   Defendant SLC Operations Master Tenant, LLC is a limited liability company. Its sole member is Arkansas SNF Operations Acquisition, LLC. Therefore, SLC Operations Master Tenant, LLC is a citizen of Virginia and Maryland, the states in which Defendant Arkansas SNF Operations Acquisition, LLC is a citizen.

21.   Defendant SLC Properties, LLC has been dissolved and is no longer an existing entity. Therefore it is a defendant sued under a fictitious name whose citizenship is disregarded under 28 U.S.C. § 1441(b)(1). Prior to its dissolution, it was a limited liability company whose sole member was limited liability company SLC Property Holdings, LLC, whose sole member was limited liability company SLC Property Investors, LLC, whose sole member was Defendant Arkansas SNF Operations Acquisition, LLC. Therefore, prior to its dissolution SLC Properties,

LLC would have been a citizen of Virginia and Maryland, the states in which Defendant Arkansas SNF Operations Acquisition, LLC is a citizen.

22. Defendant 1101 Waterwell Road, LLC is a limited liability company. Its sole member is Defendant CSCV Arkansas Realty, LLC. Therefore, 1101 Waterwell Road, LLC is a citizen of Maryland, the state in which Defendant CSCV Arkansas Realty, LLC is a citizen.

23. Defendant CSCV Arkansas Realty, LLC is a limited liability company. Its sole member is limited liability company Capital SeniorCare Ventures, LLC. The members of Capital SeniorCare Ventures, LLC are Defendants Capital Funding Group, Inc. and Brian Reynolds. Therefore, CSCV Arkansas Realty, LLC is a citizen of Maryland, the state in which Defendants Capital Funding Group, Inc. and Mr. Reynolds are citizens.

24. Defendant Alan Zuccari is a citizen of the State of Virginia.

25. Defendant Brian Reynolds is a citizen of the State of Maryland.

26. Defendant John W. Dwyer is a citizen of the State of Florida.

27. Defendant Daniel Baird is a citizen of the State of Maryland.

28. Defendant Troy Morris is a citizen of the State of Arkansas.

29. Upon information and belief, Defendant Emily Greene is a citizen of the State of Arkansas.

30. Upon information and belief, Defendant Carol Hoelscher is a citizen of the State of Arkansas.

31. Upon information and belief, Defendant Barney L. Pierce is a citizen of the State of Missouri.

**B. Original Jurisdiction under Class Action Fairness Act, 28 U.S.C. § 1332(d)**

32. This Court has original jurisdiction of this action. Under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act ("CAFA"), a putative class action may be removed to the United States District Court embracing the state court where the action was filed if (a) any member of the putative class is a citizen of a state different from any defendant, (b) there are at least one hundred members of the putative class, and (c) the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). Complete diversity among the parties is not required. 28 U.S.C. § 1332(d)(2)(A).

33. The Plaintiff seeks to represent a class of "all Arkansas citizens who were residents of the [Pinewood Health and Rehabilitation, LLC] Facility and the estates of Arkansas citizens who were residents at the Facility any time from September 1, 2011 through December 1, 2015." (Class Action Compl. ¶ 48.) According to the Plaintiff, more than 500 persons resided at the Facility during the proposed class period. (Class Action Compl. ¶ 49.) Based on the Plaintiff's allegations, there are more than 100 members of the proposed class.

34. The Plaintiff alleges that the proposed class members "suffered actual damage, both in terms of physical injuries . . . and economic damage." She further alleges that the class members "provided payment in exchange for services which were not provided . . . ." (Class Action Compl. ¶ 63.)

35. On behalf of the proposed class, the Plaintiff seeks compensatory, consequential, and punitive damages. (Class Action Compl. ¶¶ 79, 84-87, 94-97 & p. 37, §§ (a)-(e).)

36. In addition, the Plaintiff seeks attorneys' fees on behalf of herself and the proposed class. (Class Action Compl. p. 37, § (d).)

37.  The Plaintiff alleges that her claims are "typical of the claims of the class" and that she has suffered "injuries and damages exceeding that required by federal court jurisdiction in diversity of citizenship cases." (Class Action Compl. ¶ 59 & p. 46, § (a).) The Plaintiff also alleges that the class members' compensatory damages exceed the amount "required for federal court jurisdiction in diversity of citizenship cases." (Class Action Compl. ¶ 94.) Therefore, the Plaintiff alleges that her individual damages, and those of each class member, exceed the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

38.  Based upon the number of class members and the amount of damages sought by the Plaintiff on behalf of the class, the amount in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs. Specifically, the Plaintiff alleges that she and each class member has damages greater than $75,000, that there are up to 500 class members, and that her claims are typical of the class. Based on the Plaintiff's allegations, the amount in controversy is at least $37,500,000 ($75,000 x 500). Even if the class is half the size suggested in the complaint (i.e., only 250 members) and the average alleged damages are half those alleged for the putative class representative (i.e., only $37,500 per class member), the amount in controversy is still nearly double the CAFA jurisdictional amount of $5 million. ($37,500 x 250 = $9,375,000.) Therefore, this notice of removal contains "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 544 (2014); *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009) (ignoring plaintiff's amount-in-controversy allegations intended to defeat removal under CAFA).

39.  Accordingly, this is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

40.  There is minimal diversity between the proposed class of plaintiffs and the Defendants to this action. 28 U.S.C. § 1332(d)(2)(A).

41.  This Court has original jurisdiction under 28 U.S.C. § 1332(d).

**C.  Original Jurisdiction under 28 U.S.C. § 1332(a)**

42.  Defendant Alan Zuccari also removes this action under 28 U.S.C. § 1332(a) because this is an action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

43.  Defendant Troy Morris is a citizen of Arkansas, and upon information and belief, Emily Greene and Carol Hoelscher are citizens of Arkansas. The Class Action Complaint alleges that Defendant Barney L. Pierce is a citizen of Arkansas, but upon information and belief, he is currently a citizen of Missouri.

44.  Defendants Morris, Greene, Hoelscher, and Pierce are all sued based on their present or former positions as administrators of Pinewood Health and Rehabilitation, LLC during the residency of Lucille Billings or during the proposed class period. (Class Action Compl. ¶¶ 25-28.) For the purposes of this notice, Defendants Morris, Greene, Hoelscher, and Pierce are collectively referred to as the "Administrator Defendants."

45.  For the purpose of determining if jurisdiction exists under 28 U.S.C. § 1332(a), the Court may ignore a defendant's citizenship the citizenship of fraudulently joined defendants such as the Administrator Defendants, whose presence in the case destroys complete diversity of citizenship. *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002). Fraudulent joinder occurs when there is no reasonable basis in law or fact for a claim against a defendant whose presence destroys diversity of citizenship. *Id.*; *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006).

46.   The Administrator Defendants were fraudulently joined to this action for the purpose of defeating diversity jurisdiction under 28 U.S.C. § 1332(a). There is complete diversity between the Plaintiff and all properly joined Defendants.

47.   There are no specific allegations as to any misconduct by the individual Administrator Defendants. Instead, they are lumped in with all other Defendants with respect to the class-wide claims alleging: (1) violation of the Arkansas Deceptive Trade Practices Act; (2) breach of the admission agreement between the residents and Pinewood Health and Rehabilitation, LLC; (3) breach of the provider agreement between the United States Department of Health and Human Services and Pinewood Health and Rehabilitation, LLC; and (4) unjust enrichment based on residents' payments to Pinewood Health and Rehabilitation, LLC. (Class Action Compl. ¶¶ 48-102.)

48.   There is no reasonable basis in law or fact for the class-wide claims against the Administrator Defendants. First, the Arkansas Deceptive Trade Practices Act does not apply to work performed by administrators of a regulated entity such as Pinewood Health and Rehabilitation, LLC. Ark. Code Ann. § 4-88-101(3); *Tuohey v. Chenal Healthcare, LLC*, No. 4:15CV00506 JLH, 2016 WL 1180339, at *2-*3 (E.D. Ark. Mar. 25, 2016) (dismissing ADTPA claim against nursing home, owners, and administrators because it is regulated by Arkansas DHS Office of Long Term Care and United States DHS Centers for Medicare and Medicaid Services). Second, the Administrator Defendants cannot be held liable for alleged breach of contracts or quasi-contracts to which they were not parties. *Tuohey*, 2016 WL 1180339, at *3 (quoting *Elsner v. Farmers Ins. Group, Inc.*, 364 Ark. 393, 395, 220 S.W.3d 633, 635 (2005) for the presumption that "parties only contract for themselves"); *Fulton v. Beacon Nat. Ins. Co.*, 2012 Ark. App. 320, at 9, 416 S.W.3d 759, 764 (affirming grant of summary judgment because the "complaint alleges

breach of contract against State Auto, but fails to state facts alleging that he had a contract with State Auto.").

49.   The Administrator Defendants are likewise lumped in with all other Defendants with respect to the Plaintiff's individual claims alleging negligence and medical malpractice. There is no allegation that any Administrator Defendant was personally involved in any acts or events causing an injury to the former resident Lucille G. Billings. (Class Action Compl. ¶¶ 103-129.) The absence of these facts destroys any reasonable basis to support the Plaintiff's claims for negligence and medical malpractice against the Administrator Defendants. *Bayird v. Floyd*, 2009 Ark. 455, at 10, 344 S.W.3d 80, 86-87 (affirming dismissal of Resident's Rights and ADTPA claims because defendant was not personally involved in events surrounding an injury); *Watkins v. Ark. Elder Outreach of Little Rock, Inc.*, 2012 Ark. App. 301, at 14, 420 S.W.3d 477, 486 (holding that the plaintiff must show that the administrator "was a proximate cause of the plaintiff's damages" and "personally involved in the events surrounding an injury."). Moreover, as a matter of law, the Administrator Defendants do not owe a duty of care to any resident because they are not medical providers. *See Howard v. Estate of Harper*, 947 So.2d 854, 858-60 (Miss. 2006) (holding that administrators do not have a common-law or statutory duty of care to nursing home residents). There is no authority under Arkansas law holding that an administrator owes a duty of care to a nursing home resident. *Watkins*, 2012 Ark. App. 301 at 13-14, 420 S.W.3d at 485-86.

50.   The Administrator Defendants were fraudulently joined with respect to all claims asserted in the Plaintiff's Class Action Complaint. Their citizenship should be disregarded for purposes of determining diversity jurisdiction.

51.  Disregarding the citizenship of the Administrator Defendants, there is complete diversity between the Plaintiff and remaining Defendants. The amount in controversy exceeds $75,000, exclusive of interest and costs. (Class Action Compl. ¶¶ 59, 94 & p. 46, § (a).) Therefore, this Court has original jurisdiction over this case under 28 U.S.C. § 1332(a).

52.  In addition to original jurisdiction under 28 U.S.C. § 1332(a), this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over any claims by or against any party for which there is less than $75,000 in controversy. *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 560-63 (2005).

### D.  The Procedural Requisites to Removal are Satisfied

53.  This Court is the appropriate court for removal of this action under 28 U.S.C. § 1446(a).

54.  Although the consent of all defendants is not required under CAFA, 28 U.S.C. § 1453(b), all defendants are represented by the undersigned counsel and consent to the removal of this action.

55.  Copies of all process, pleadings, and orders served upon the Defendant or filed in this action in the Circuit Court of Ashley County, Arkansas, along with a true and correct copy of the electronic docket sheet from the state court, are attached to this notice of removal as Exhibit 3.

56.  A copy of this notice of removal will be filed forthwith in the Circuit Court of Ashley County, Arkansas.

57.  All procedural requisites to removal have been met.  Removal to this Court under 28 U.S.C. § 1441 is proper and effective hereby.

WHEREFORE, the Defendants Troy Morris and Alan Zuccari hereby give notice of the removal of this action to this Court and respectfully request all just and proper relief.

**KUTAK ROCK LLP**

By: _Andrew King_

Jess Askew III, Ark. Bar No. 86005
Andrew King, Ark. Bar No. 2007176
124 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3706
(501) 975-3000 Telephone
(501) 975-3001 Facsimile
jess.askew@kutakrock.com
andrew.king@kutakrock.com

and

Mark W. Dossett, AR 95174
Dale W. Brown, AR 2004121
234 East Millsap Road, Suite 200
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
Mark.Dossett@KutakRock.com
Dale.Brown@KutakRock.com

*Attorneys for Troy Morris, Alan
Zuccari, and all other Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2016, I served a true and correct copy of the foregoing on all other parties by U.S. Mail, postage prepaid through following counsel of record:

Brian D. Reddick                          H. Gregory Campbell
Brent L. Moss                             CAMPBELL LAW FIRM, P.A.
Robert W. Francis                         One Information Way, Box 101
Matthew D. Swindle                        Little Rock, AR 72202
REDDICK MOSS, PLLC
One Information Way, Suite 105
Little Rock, AR 72202


_____
Andrew King