IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DELOIS PIPPEN, as Special Administratrix                                                                PLAINTIFFS
of the Estate of Lucille G. Billings, deceased,
and on behalf of the wrongful death beneficiaries
of Lucille G. Billings; and On Behalf of All Others
Similarly Situated

vs.                                       Case No. 1:16-cv-01069-SOH

PINEWOOD HEALTH AND REHABILITATION, LLC;
ARKANSAS SNF OPERATIONS ACQUISITION, LLC;
ARKANSAS NURSING HOME ACQUISITION, LLC;
CSCV HOLDINGS, LLC; CAPITAL FUNDING GROUP, INC.;
SLC PROFESSIONALS, LLC; SLC PROFESSIONALS AR7, LLC;
SLC PROFESSIONALS HOLDINGS, LLC; SLC OPERATIONS
HOLDINGS, LLC; SLC OPERATIONS, LLC; SLC
ADMINISTRATIVE SERVICES OF ARKANSAS, LLC;
SENIOR LIVING COMMUNITIES OF ARKANSAS, LLC;
ADDIT, LLC; SLC OPERATIONS MASTER TENANT, LLC;
SLC PROPERTIES, LLC; 1101 WATERWELL ROAD, LLC;
CSCV ARKANSAS REALTY, LLC; ALAN ZUCCARI;
BRIAN REYNOLDS; JOHN W. DWYER; DANIEL BAIRD;
TROY MORRIS, in his capacity as Administrator of Pinewood
Health and Rehabilitation, LLC; EMILY GREENE, in her
capacity as Administrator of Pinewood Health and Rehabilitation, LLC;
CAROL HOELSCHER, in her capacity as Administrator of Pinewood
Health and Rehabilitation, LLC; and BARNEY L. PIERCE, in his
capacity as Administrator of Pinewood Health and Rehabilitation, LLC        DEFENDANTS

**DEFENDANTS' MOTION FOR JUDGMENT
ON THE PLEADINGS AS TO CLASS CLAIMS**

For their motion for judgment on the pleadings as to class claims, the Defendants state:

1.   The Defendants are entitled to a judgment as a matter of law on the Plaintiff's class-wide claims for (1) violation of the Arkansas Deceptive Trade Practices Act (ADTPA); (2) breach of an admission agreement; (3) breach of a provider agreement; and (4) unjust enrichment

because the Plaintiff's complaint fails to state a claim upon which relief can be granted as to those causes of action. Fed. R. Civ. P. 12(b)(6), (c).

2. The Plaintiff's ADTPA claim fails as a matter of law because it is barred by the safe-harbor provision for regulated activities. Ark. Code Ann. § 4-88-101(3). *Tuohey v. Chenal Healthcare, LLC*, No. 4:15CV00506 JLH, 2016 WL 1180339, at *2-*3 (E.D. Ark. Mar. 25, 2016).

3. The Plaintiff's claim for breach of the admission agreement fails because the Plaintiff does not identify any specific provision of the agreement that was allegedly breached and because no Defendant other than Pinewood Health and Rehabilitation, LLC is a party to any such agreement. *Guttenberg v. Emery*, 41 F. Supp. 3d 61, 70 (D.D.C. 2014); *Tuohey*, 2016 WL 1180339, at *3; *Smith v. Heather Manor Care Ctr, Inc.*, 2012 Ark. App. 584, at 12, 424 S.W.3d 368, 377.

4. The Plaintiff's claim for breach of the provider agreement fails because neither the Plaintiff nor Ms. Billings is a party to the agreement, and as a matter of law, the agreement is not a contract but rather an entitlement to government benefits. *Tuohey*, 2016 WL 1180339, at *4; *Little Rock Wastewater Utility v. Larry Moyer Trucking*, 321 Ark. 303, 306, 902 S.W.2d 760, 763 (1995).

5. The Plaintiff's claim for unjust enrichment fails because "the concept of unjust enrichment has no application when an express written contract exists" and it is wholly implausible that all Defendants received something of value from the Plaintiff or Ms. Billings. *Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 362 Ark. 598, 612, 210 S.W.3d 101, 112 (2005); *see Tuohey*, 2016 WL 1180339, at *6.

6. The following exhibit is attached to this motion and incorporated by reference herein:

- Exhibit 1, Form Admission Agreement for Pinewood Health and Rehabilitation, LLC.

7. A brief is filed in support of this motion.

WHEREFORE, the Defendants respectfully request that the Court: (1) dismiss the Plaintiff's class-wide claims for violation of the ADTPA, breach of admission agreement, breach of provider agreement, and unjust enrichment with prejudice; (2) require that the Plaintiff's complaint be amended to eliminate the class action allegations under Fed. R. Civ. P. 23(d)(1)(D); and (3) grant all other relief to which the Defendants are entitled.

**KUTAK ROCK LLP**

By: /s/ Andrew King
Jess Askew III, Ark. Bar No. 86005
Andrew King, Ark. Bar No. 2007176
124 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3706
(501) 975-3000 Telephone
(501) 975-3001 Facsimile
jess.askew@kutakrock.com
andrew.king@kutakrock.com

and

Mark W. Dossett, AR 95174
Dale W. Brown, AR 2004121
234 East Millsap Road, Suite 200
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
Mark.Dossett@KutakRock.com
Dale.Brown@KutakRock.com

*Attorneys for Defendants*

## I.  CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

- Brian D. Reddick,  brian@reddickmoss.com, deshae@reddickmoss.com, kim@reddickmoss.com
- Robert W. Francis     rob@reddickmoss.com, deshae@reddickmoss.com
- Matthew David Swindle     matthew@reddickmoss.com, deshae@reddickmoss.com

I hereby certify that on November 9, 2016, I mailed the foregoing document by first-class U.S. Mail, postage prepaid to the following non CM/ECF participants:

Brent L. Moss                                         H. Gregory Campbell
REDDICK MOSS, PLLC                      CAMPBELL LAW FIRM, P.A.
One Information Way, Suite 105         One Information Way, Box 101
Little Rock, AR 72202                            Little Rock, AR 72202

 /s/ Andrew King
Andrew King