IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DELOIS PIPPEN, as Special Administratrix
of the Estate of Lucille G. Billings, deceased,
and on behalf of the wrongful death beneficiaries
of Lucille G. Billings; and on behalf of all others
similarly situated                                                                                     PLAINTIFFS

v.                                              Case No. 1:16-cv-1069

PINEWOOD HEALTH AND REHABILITATION, LLC;
ARKANSAS SNF OPERATIONS ACQUISITION, LLC;
ARKANSAS NURSING HOME ACQUISITION, LLC;
CSCV HOLDINGS, LLC; CAPITAL FUNDING GROUP, INC.;
SLC PROFESSIONALS, LLC; SLC PROFESSIONALS AR7, LLC;
SLC PROFESSIONALS HOLDINGS, LLC; SLC OPERATIONS
HOLDINGS, LLC; SLC OPERATIONS, LLC; SLC
ADMINISTRATIVE SERVICES OF ARKANSAS, LLC;
SENIOR LIVING COMMUNITIES OF ARKANSAS, LLC;
ADDIT, LLC; SLC OPERATIONS MASTER TENANT, LLC;
SLC PROPERTIES, LLC; 1101 WATERWELL ROAD, LLC;
CSCV ARKANSAS REALTY, LLC; ALAN ZUCCARI;
BRIAN REYNOLDS; JOHN W. DWYER; DANIEL BAIRD;
TROY MORRIS, in his capacity as Administrator of Pinewood
Health and Rehabilitation, LLC; EMILY GREENE, in her
capacity as Administrator of Pinewood Health and Rehabilitation, LLC;
CAROL HOELSCHER, in her capacity as Administrator of Pinewood
Health and Rehabilitation, LLC; and BARNEY L. PIERCE, in his
capacity as Administrator of Pinewood Health and Rehabilitation, LLC        DEFENDANTS

**ORDER**

Before the Court is Plaintiff's Motion to Remand. (ECF No. 24). Defendants filed a response. (ECF No. 26). Plaintiff filed a reply. (ECF No. 28). The Court finds the matter ripe for consideration.

**I. BACKGROUND**

On February 3, 2016, Plaintiff DeLois Pippen filed this putative class action on behalf of the estate of her mother, Lucille G. Billings, and all others similarly situated, in the Circuit Court

of Ashley County, Arkansas, alleging that Defendants' negligence in staffing and operating Pinewood Health and Rehabilitation ("Pinewood") resulted in injury to residents of the nursing home. Plaintiff also alleges that Defendants' failure to provide care and services in accordance with applicable state and federal regulations constituted a breach of admissions and provider agreements between Pinewood and the residents, and additionally constituted violations of the Arkansas Deceptive Trade Practices Act.

On July 15, 2016, Defendants removed the case to this Court. Defendants asserted two separate bases for original jurisdiction: first, that the suit constitutes a class action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), over which the Court has original jurisdiction; and second, that complete diversity alternatively exists pursuant to 28 U.S.C. § 1332(a) because the only named Arkansas defendants—Troy Morris, Emily Green, Carol Hoelscher, and Barney L. Pierce—were fraudulently joined.

On August 16, 2016, Plaintiff filed the instant motion to remand, arguing that complete diversity is lacking under § 1332(a) because colorable claims exist as to Defendants Morris, Greene, Hoelscher, and Pierce, and therefore they were not fraudulently joined. Plaintiff also argues that the "local-controversy exception" to CAFA or the discretionary provisions of 28 U.S.C. § 1332(d)(3) operates to preclude the Court's jurisdiction under the statute. Thus, Plaintiff argues the Court lacks original jurisdiction and the Court should therefore remand this action to the Circuit Court of Ashley County, Arkansas.

## II. DISCUSSION

The Court will first determine whether it has original jurisdiction over this matter pursuant to CAFA. Then, if necessary, the Court will determine whether it has original jurisdiction over this matter pursuant to § 1332(a).

### A. CAFA

Defendants removed the matter to this Court based on CAFA.  Plaintiff argues that the mandatory local-controversy exception to CAFA operates to preclude the Court's jurisdiction under CAFA or, alternatively, that remand is nonetheless appropriate under the discretionary provisions of 28 U.S.C. § 1332(d)(3).

A case may be removed from state to federal court if the defendant can demonstrate that the federal court possesses original jurisdiction over the case.  28 U.S.C. § 1441(a).  In the class-action context, it is immaterial whether a removing defendant is also a citizen of the state where the action is brought.  28 U.S.C. § 1453(b).  Under CAFA, a district court maintains original jurisdiction over a class-action suit if:  (1) minimal diversity exists, that is, if "any member of a class of plaintiffs is a citizen of a State different from any defendant;" (2) the amount in controversy exceeds $5 million, exclusive of interest and costs; and (3) the proposed class of plaintiffs numbers at least 100 in the aggregate.  28 U.S.C. § 1332(d)(2), (d)(5)(B).  The party seeking removal bears the burden of proving that original jurisdiction exists.  *Westerfeld v. Independent Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010).  "Once CAFA's initial jurisdictional requirements have been established by the party seeking removal . . . the burden shifts to the party seeking remand to establish that one of CAFA's express jurisdictional exceptions applies."  *Id.*

Defendants bear the initial burden of establishing CAFA's fundamental jurisdictional requirements.  Plaintiff does not contest that Defendants have met this burden, and the Court finds that Defendants have met the burden.  Minimal diversity exists in this case because the proposed class members are citizens of Arkansas during the proposed class period while the Defendants are citizens of various states, including Arkansas.  Plaintiff's proposed class contains

"more than 500 residents" during the proposed class period. The amount in controversy exceeds $5 million.[1] Therefore, the Court finds that Defendants have made their *prima facie* case for assertion of subject-matter jurisdiction under CAFA.

Accordingly, the burden now shifts to Plaintiff to show that one of CAFA's exceptions deprives the Court of jurisdiction. Plaintiff argues that the mandatory local-controversy exception requires the Court to decline jurisdiction under CAFA. Plaintiff argues alternatively that the Court can also choose to decline to exercise jurisdiction over this case pursuant to the discretionary provisions of 28 U.S.C. § 1332(d)(3). The Court will now address each of these provisions.

### 1. Local-Controversy Exception

Plaintiff argues that the local-controversy exception requires that the Court remand this case to state court.

Under the local-controversy exception, a district court must decline to exercise jurisdiction over a class-action lawsuit in which: (1) more than two-thirds of the class members in the aggregate are citizens of the state in which the action was originally filed; (2) at least one defendant "from whom significant relief is sought by members of the plaintiff class" and "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class" is a citizen of the state in which the class action was originally filed; (3) the principal injuries were incurred in the state in which the action was filed; and (4) no other class actions alleging the same or similar facts was filed against any of the defendants on behalf of the same or other

---

[1] Plaintiff's class action complaint states that her individual claims, brought on behalf of her mother's estate, seek compensatory damages "exceeding that required by federal court jurisdiction in diversity of citizenship cases," as well as general and special damages, punitive damages, and the costs of litigating the case. (ECF No. 4). The class action complaint also asserts that "Plaintiff's claims are typical of the claims of the class." In light of Plaintiff's assertion that up to 500 proposed class members have damages exceeding $75,000, the Court finds that the total amount in controversy far exceeds $5 million.

persons in the three years prior to the commencement of the current class action. *Westerfeld*, 621 F.3d at 822 (citing 28 U.S.C. § 1332(d)(4)(A)). The local-controversy exception is to be narrowly construed, and any doubt as to the exception's applicability should be resolved against the party seeking remand. *Id.* at 823.

Defendants state that they do not dispute the first element requiring that at least two-thirds of the proposed class members be citizens of Arkansas, as the proposed class is limited to individuals who lived at and were domiciled at Pinewood in Crossett, Arkansas, during the proposed class period. Defendants do not address the third element requiring that the principal injuries were inflicted in the state in which the action was filed—Arkansas—but the Court finds that this element is satisfied because all injuries were alleged to have been inflicted at Pinewood in Crossett, Arkansas. However, Defendants contend that Plaintiff cannot satisfy the second and fourth elements of the local-controversy exception—specifically, that at least one defendant is a citizen of Arkansas whose conduct forms a significant basis for the class's claims and from whom significant relief is sought, and that no other class actions alleging similar facts have been filed in the three years prior to the commencement of the current putative class action.

### a. Other Class Actions Filed Within the Last Three Years

This element of the local-controversy exception requires that, during the three-year period preceding the filing of the present putative class action, no other class actions were filed by the same or other persons asserting the same or similar factual allegations against any of the defendants. 28 U.S.C. § 1332(d)(4)(A)(4).

Plaintiff argues that this element is satisfied because "[t]here have been no other class actions asserting the same or similar allegations against these defendants on behalf of members of the proposed class during the preceding three years." (ECF No. 25). Defendants assert and

5

have provided evidence that Defendant Troy Morris has been sued in two other class actions asserting similar factual allegations to those in this case.[2] Plaintiff's reply brief does not address Defendants' claim.

Plaintiff filed this action in state court on February 3, 2016. The two cases identified by Defendants—*Chappel* and *Hooker*—were filed on September 10, 2013, and July 14, 2015, respectively, which places them within the three-year relevant time period prescribed by § 1332(d)(4)(A)(4). Troy Morris was named as a defendant in both *Chappel* and *Hooker*. Like in this case, *Chappel* and *Hooker* involved a plaintiff bringing a putative class action against nursing homes in Arkansas, along with officers and administrators, alleging that the defendants' negligence in staffing and operating the nursing homes resulted in injury to the nursing homes' residents. Like in this case, the *Chappel* and *Hooker* plaintiffs also alleged that the defendants' failure to provide care and services in accordance with applicable state and federal regulations constituted a breach of admissions and provider agreements between the nursing homes and the residents, and additionally constituted violations of the Arkansas Deceptive Trade Practices Act. Like in this case, the *Chappel* and *Hooker* plaintiffs specifically alleged that Troy Morris, the administrator of the nursing homes in those suits, was responsible for ensuring compliance with all applicable regulations and monitoring the care provided to residents, and thus his failure to adequately do so made him jointly and severally liable for the residents' damages.

The Court finds that, within three years prior to the filing of this case, other persons have filed class actions against Defendant Troy Morris, asserting sufficiently similar factual allegations regarding his conduct as the administrator of a nursing home. *See Summerhill v. Terminix, Inc.*, No. 4:08-cv-0659 GTE, 2008 WL 4809448, at *2 (E.D. Ark. Oct. 30, 2008); *see*

---

[2] These cases are *Chappel et al. v. GGNSC Arkadelphia LLC, et al.*, CV-2011-121-6, filed September 10, 2013, in the Circuit Court of Ouachita County, Arkansas, and *Hooker v. Maumelle Invs. & Assocs., LLC, et al.*, 60CV-15-2239, filed July 14, 2015, in the Circuit Court of Pulaski County, Arkansas. (ECF Nos. 26-2, 26-3).

*also* S. Rep. No. 109-14, at 41 (2005) ("The inquiry is whether similar factual allegations have been made against the defendant in multiple class actions, regardless of whether the same causes of actions were asserted or whether the purported plaintiff classes were the same (or even overlapped in significant respects)."). Accordingly, the Court finds that the cases identified by Defendants are fatal to the application of the local-controversy exception.

### b. Significant Basis and Significant Relief

This element of the local-controversy exception requires that at least one defendant "from whom significant relief is sought by members of the plaintiff class" and "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class" is a citizen of the state in which the class action was originally filed. 28 U.S.C. § 1332(d)(4)(A)(2). In light of the Court's determination above that Plaintiff has not satisfied the element requiring that no other similar class actions have been filed in the previous three years, the Court finds it unnecessary to analyze this element.

### 2. Discretionary Provisions of 28 U.S.C. § 1332(d)(3)

Plaintiff argues alternatively that the Court may decline to exercise jurisdiction under CAFA pursuant to the discretionary provisions of 28 U.S.C. § 1332(d)(3).

Section 1332(d)(3) provides that a district court may decline to exercise jurisdiction over a class action removed under CAFA when greater than one-third but less than two-thirds of the members of the proposed plaintiff class, and the primary defendants, are citizens of the state in which the action was originally filed.[3]

The Court finds that § 1332(d)(3) does not apply in this case. In order for § 1332(d)(3) to apply, between one-third and two-thirds of the proposed class members would have to be

---

[3] Section 1332(d)(3) provides six factors to consider in making this determination. However, based on the Court's findings, the Court finds it unnecessary to address any of these factors.

residents of Arkansas. However, it is undisputed that Plaintiff's proposed plaintiff class, by definition, consists entirely of Arkansas residents. Therefore, § 1332(d)(3) has no application in this case.

### 3. Conclusion

In light of the above findings, the Court finds that Plaintiff has not met her burden of showing that an exception to CAFA operates to deprive the Court of jurisdiction. As such, the Court finds that it has jurisdiction over this matter pursuant to CAFA. The Court need not address Defendants' alternative theories for why federal jurisdiction is appropriate in this matter.

### III. CONCLUSION

For the reasons stated above, the Court finds that it has jurisdiction over this matter. Accordingly, Plaintiff's Motion to Remand (ECF No. 24) is hereby **DENIED**.

**IT IS SO ORDERED**, this 15th day of March, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge