IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DELOIS PIPPEN, as Special Administratrix
of the Estate of Lucille G. Billings, deceased,
and on behalf of the wrongful death beneficiaries
of Lucille G. Billings; and on behalf of all others
similarly situated                                                                                                  PLAINTIFF

v.                                           Case No. 1:16-cv-1069

PINEWOOD HEALTH AND REHABILITATION, LLC;
ARKANSAS SNF OPERATIONS ACQUISITION, LLC;
ARKANSAS NURSING HOME ACQUISITION, LLC;
CSCV HOLDINGS, LLC; CAPITAL FUNDING GROUP, INC.;
SLC PROFESSIONALS, LLC; SLC PROFESSIONALS AR7, LLC;
SLC PROFESSIONALS HOLDINGS, LLC; SLC OPERATIONS
HOLDINGS, LLC; SLC OPERATIONS, LLC; SLC
ADMINISTRATIVE SERVICES OF ARKANSAS, LLC;
SENIOR LIVING COMMUNITIES OF ARKANSAS, LLC;
ADDIT, LLC; SLC OPERATIONS MASTER TENANT, LLC;
SLC PROPERTIES, LLC; 1101 WATERWELL ROAD, LLC;
CSCV ARKANSAS REALTY, LLC; ALAN ZUCCARI;
BRIAN REYNOLDS; JOHN W. DWYER; DANIEL BAIRD;
TROY MORRIS, in his capacity as Administrator of Pinewood
Health and Rehabilitation, LLC; EMILY GREENE, in her
capacity as Administrator of Pinewood Health and Rehabilitation, LLC;
CAROL HOELSCHER, in her capacity as Administrator of Pinewood
Health and Rehabilitation, LLC; and BARNEY L. PIERCE, in his
capacity as Administrator of Pinewood Health and Rehabilitation, LLC         DEFENDANTS

**ORDER**

Before the Court is the parties' Joint Motion for Dismissal With Prejudice. (ECF No. 54). The parties inform the Court that they have reached an amicable resolution of this matter and request that the Court dismiss Plaintiff DeLois Pippin's complaint with prejudice. Pursuant to Federal Rule of Civil Procedure 41(a)(2), an action may be dismissed by court order at the plaintiff's request, on terms the Court considers proper.[1]

---

[1] The parties do not specify in the instant motion what Federal Rule of Civil Procedure they move under for dismissal of the complaint, but the Court construes the instant motion as a motion for dismissal pursuant to Federal Rule of Civil

Upon consideration, the Court finds that good cause has been shown for the motion. Accordingly, the parties' motion (ECF No. 54) is hereby **GRANTED**. All of Plaintiff's claims against Defendants are hereby **DISMISSED WITH PREJUDICE**. If any party desires that the terms of settlement be a part of the record therein, those terms should be reduced to writing and filed with the Court within thirty (30) days of the entry of this judgment. The Court retains jurisdiction to vacate this Order and to reopen this action upon cause shown that the settlement has not been completed and further litigation is necessary.

**IT IS SO ORDERED**, this 6th day of November, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

Procedure 41. A class has not been certified in this case, and thus the Court is not required to decide under Rule 23(e) whether to approve of dismissing Plaintiff's class claim. *See Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1081 (8th Cir. 2017) ("The [current version of Rule 23(e)] requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.") (quoting Fed. R. Civ. P. 23(e)(1)(A), advisory committee's note to 2003 amendment); *see also* 7B Wright, Miller, & Kane, *Federal Practice & Procedure* § 1797 (3d ed. 2017) ("[S]ettlements or voluntary dismissals that occur before class certification are outside the scope of [Rule 23(e)].").